UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAURI,<br>CDCR #P-76200,<br><br>        Plaintiff,<br><br>vs.<br><br>TED NEOTTI, Warden; DANIELLE McGUIRE, Litigation Coordinator; RICHARD J. DONOVAN CORRECTIONAL FACILITY,<br><br>        Defendants. | Case No.: 3:17-cv-01945-AJB-AGS<br><br>**ORDER:**<br><br>**1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

  MICHAEL LAURI ("Plaintiff"), currently incarcerated at California Men's Colony - East ("CMC"), in San Luis Obispo, California, and proceeding pro se, filed this civil rights action in the Central District of California in September 1, 2017 (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

  Because Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California violated his Eighth and Fourteenth Amendment

rights while he was incarcerated there on September 23, 2016, the Honorable Michael W. Fitzgerald transferred his case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a) on September 25, 2017 (ECF No. 5). Because Judge Fitzgerald found transfer was appropriate, he deferred consideration of Plaintiff's pending request to proceed IFP, and the corresponding duty to sua sponte determine whether Plaintiff's Complaint is frivolous, malicious, or fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2), to this Court as well. (*Id.* at 3 & n.1.)

I.      **Request to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:17-cv-01945-AJB-AGS

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a CMC accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that while Plaintiff carried an average monthly balance of $.20, he had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and an available balance of zero at the time of filing. *See* ECF No. 2 at 3, 5. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

　　A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-

answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

B. <u>Plaintiff's Allegations</u>

Plaintiff claims RJD, its Warden Ted Neotti, and RJD's Litigation Coordinator Denise McGuire, violated his Fourteenth Amendment right to due process and the Eighth Amendment's proscription of cruel and unusual punishment on September 23, 2016, when they acted as "parties" to a San Diego Superior Court appellate proceeding during which a small claims judgment against the CDCR in Plaintiff's favor was vacated and remanded. (ECF No. 1 at 3, 5, 8.)

Specifically, Plaintiff contends his TV, antenna, CD player, Timex watch, headphones, coaxial cable, and TV splitter were either lost or stolen during his transport between CMC and RJD on or about July 26, 2011. (*Id.* at 5.) After attempts to address his lost property issues were left unresolved via the CDCR's administrative appeals process, Plaintiff claims to have filed a small claims action in San Diego Superior Court in May 2016, and was awarded $334.20 in damages and $90 in costs. (*Id.*)

The CDCR appealed however, and on September 23, 2016, Plaintiff appeared telephonically at a San Diego Superior Court Small Claims Appeal hearing, during which Defendant McGuire also appeared as a witness. (*Id.* at 8.) The Honorable Judge Joseph P. Brannigan vacated the judgment and remanded Plaintiff's case to the Small Claims Court for enforcement. (*Id.* at 5, 8.)

Plaintiff now claims he was "not allowed to be represented as was the CDCR" during the September 23, 2016 hearing, "thus violating [his] inherent civil rights." (*Id.* at 5.)[2] He seeks $2,200,000 in nominal, compensatory, and punitive damages pursuant to 42

---

[2] To the extent Plaintiff implies he was constitutionally entitled to the appointment of counsel for purposes of his small claims court appeal, the Sixth Amendment guarantees a defendant the right to have counsel present at all "critical" stages of a criminal proceeding, *see* U.S. CONST. AMEND. VI; *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963), "[b]ut the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011).

U.S.C. § 1983. (*Id.* at 6.)

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Improper Defendants

First, the Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted as to either Defendant RJD, or its Warden, Ted Neotti. *See* ECF No. 1 at 1-2; 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

RJD is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *see also Anderson v. California*, No. 3:16-CV-01172-LAB-JLB, 2016 WL 4127785, at *2 (S.D. Cal. Aug. 3, 2016) (sua sponte dismissing both CDCR and RJD pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because neither are "persons" subject to § 1983 liability).

In addition, while RJD's Warden Ted Neotti may be subject to suit under § 1983, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" to describes when, how, or to what extent Neotti personally caused him any constitutional injury. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff simply identifies Neotti as RJD's Warden, and alleges he is "responsible for the actions which occur in his institution and the policies adhered to by his staff." *See* ECF No. 1 at 3. However, there is

no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

  E. Property Deprivation Claims

  Second, while Plaintiff claims Litigation Coordinator McGuire "was a party to the denial of his rights," *see* ECF No. 3, and his exhibits show that McGuire appeared as a witness during the September 23, 2016 Superior Court appeal hearing related to his lost property, *id.* at 6, he nevertheless fails to allege facts sufficient to support a constitutional violation. *See Iqbal*, 556 U.S. at 676.

  The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

### F. Cruel and Unusual Punishment

Finally, Plaintiff also claims the loss of his personal property violated the Eighth Amendment. *See* ECF No. 1 at 5.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes, *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), and protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

"Not every injury that a prisoner sustains while in prison represents a constitutional violation." *Id.* Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986).

Therefore, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Morgan*, 465 F.3d at 1045. Specifically, he must allege: (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to either his health or his safety in allowing the deprivation to take place. *Farmer*, 511 U.S. at 834; *Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).

Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. This objective component is satisfied so long as the institution "furnishes sentenced prisoners

with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 832. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Only extreme deprivations suffice to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298).

Under the subjective requirement, the prisoner must allege facts that show that the defendant acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Mendiola–Martinez*, 836 F.3d at 1248. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-303. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley*, 475 U.S. at 319.

As pleaded, Plaintiff's Complaint is unclear as to whether he seeks to hold RJD's Litigation Coordinator liable for the negligent or intentional loss of his property directly, or for any testimony or evidence proffered during the Superior Court appellate proceeding that vacated Plaintiff's small claims judgment. Regardless, he has not alleged facts sufficient to show that a lost TV, antenna, splitter, cables, headphones, CD player, or watch deprived him of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 298; *Scheanette v. Dretke*, 199 F. App'x 336, 337 (5th Cir. 2006) ("As Scheanette has no constitutional right to watch television and because watching television is not a life necessity or a basic human need, his Eighth Amendment and retaliation claims were properly dismissed.").

///

Nor has Plaintiff alleged facts sufficient to plausibly suggest Defendant McGuire acted with a culpable state of mind, *i.e.*, deliberate indifference to a serious risk to his health or safety. *Whitley*, 475 U.S. at 319; *see also Smith v. Campbell*, No. CIVS05-1265LKK-DADP, 2006 WL 2594461, at *4-5 (E.D. Cal. June 14, 2006) (finding claims that officials damaged prisoner's radio and his eyeglasses insufficient to state an Eighth Amendment claim), *report and recommendation adopted*, No. CIVS051265LKKDADP, 2006 WL 2600547 (E.D. Cal. Sept. 11, 2006); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *4 (D. Nev. Feb. 3, 2012) (finding deprivation of prisoner's CD player-radio, periodicals, and newspapers did not give rise to a viable claim under the Eighth Amendment); *id.* at *6 ("Minutiae such as Plaintiff not consistently getting his USA Today subscription daily in his cell is not a matter addressed by the Constitution of the United States.").

Simply put, "there is no constitutional right to possess a television set," *Mullins v. Wenciker*, No. 107CV-00108 OWW DLBP, 2007 WL 3053333, at *1 (E.D. Cal. Oct. 19, 2007), or to watch television. *See Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995) (per curiam); *Rawls v. Sundquist*, 113 F.3d 1235 (6th Cir. 1997).

For all these reasons, Plaintiff's Complaint must be dismissed sua sponte because it fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Nordstrom*, 762 F.3d at 907-08 & n.1.

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each

time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and § 1915A(b)(1), and **DENIES** leave to amend as futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: November 17, 2017

Hon. Anthony J. Battaglia
United States District Judge

11

3:17-cv-01945-AJB-AGS